UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YILI YOU,<br><br>　　　Plaintiff,<br><br>v.<br><br>PAMELA BONDI et al.,<br><br>　　　Defendants. | Case No. 5:26-cv-00967-SB-ADS<br><br>ORDER GRANTING IN PART EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AS UNOPPOSED [DKT. NO. 2] |

　　　Petitioner Yili You is a citizen of China.  She presented herself for admission to the United States in November 2018.  Because U.S. Customs and Border Protection determined she had previously overstayed a visa, Petitioner was detained and placed in expedited removal proceedings.  She was detained for more than seven months until her release on order of recognizance (OREC) on July 1, 2019.  Petitioner also applied for asylum, withholding of removal, and protection under the Convention Against Torture, all of which were denied in May 2019.  She appealed the denial and her final removal order to the Board of Immigration Appeals (BIA) and subsequently to the Ninth Circuit.  The Ninth Circuit dismissed her appeal on February 10, 2022.

　　　Petitioner remained on OREC until she was detained at a routine check-in with Immigration and Customs Enforcement (ICE) on September 8, 2025.  She remains detained at the Adelanto ICE Detention Facility.  Since her detention on September 8, she has provided biographical information to ICE to facilitate its request for travel documents from the Chinese consulate.  She also received a custody review interview on February 17, 2026, at which ICE decided to continue detaining Petitioner because she presented a flight risk based on her "immigration history with no significant ties to the community and with an active final order of removal."  Dkt. No. 2-9 at 3.

On March 1, 2026, Petitioner filed a petition for habeas corpus and ex parte application for a temporary restraining order (TRO), asserting that her detention violates her due process rights and the Immigration and Nationality Act and seeking her immediate release.

To obtain preliminary relief, a movant must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury, (3) that the balance of hardships tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (noting that the TRO and preliminary injunction standards are substantially the same). Where the respondent is the government, the balance of equities and public interest merge. *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).

Petitioner provided notice of the TRO application as required. *See* Fed. R. Civ. P. 65. The Court ordered the government to respond by March 6, warning that "[f]ailure to timely respond to the application will be construed as consent to granting the TRO as unopposed." Dkt. No. 5. Despite informing Petitioner that it would oppose the TRO application (Dkt. No. 2-2 ¶ 4), the government did not file an opposition by March 6. Instead, on March 10, the government stated, "[t]o make the record clear and to help conserve judicial resources, Respondents hereby expressly confirm that they are not presenting an opposition argument." Dkt. No. 8. The Court therefore grants the application in part as unopposed and orders as follows:

1. Respondents shall immediately release Petitioner from custody on the terms of her prior OREC.

2. Respondents are enjoined from detaining Petitioner while the underlying habeas petition is pending.

On this record, however, Petitioner has not demonstrated that her additional request to enjoin her redetention absent specified pre-deprivation process is warranted. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews* analysis, courts must "consider the process [petitioner] received [while detained]" and "the further process that was available"); *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing).

      Respondents are ordered to show cause why a preliminary injunction should not issue at a hearing in Courtroom 6C on March 20, 2026, at 8:30 a.m.  The Court intends to expedite consideration of the habeas petition and enter a permanent injunction as may be appropriate.  *See* Fed. R. Civ. P. 65(a)(2).  Accordingly, the parties shall meet and confer on mutually agreeable language for a permanent injunction and submit their proposed language in a joint status report by 10:00 a.m. on March 17.  The Court will consider vacating the hearing if the parties agree on the terms of a permanent injunction.  Absent an order vacating the hearing, however, both parties shall appear on March 20 at 8:30 a.m.  Petitioner's failure to timely respond to this order will be construed as consent to dismiss the petition and close the case.

Date: March 10, 2026

                                                      Stanley Blumenfeld, Jr.
                                                      United States District Judge